IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Harvey Franklin Rainey, III, #233133, ) | C.A. No. 8:05-0921-HMH-BHH |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION & ORDER** |
| vs. ) | |
| ) | |
| Director, S.C.D.C. Commissioner Jon ) | |
| Ozmint; Anthony J. Padula, Warden, Lee ) | |
| CI/prison; Curtis Michell, Director ATU ) | |
| Program; Karry White, Counselor ATU ) | |
| Employee; William Harrington, Intake ) | |
| Orientation ATU Director; Keisha Perry, ) | |
| ATU Program Director Headquarters; and ) | |
| Unknown Corporation, Umbrella Corp. ) | |
| for ATU Employees; ) | |
| ) | |
| Defendants. ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Bruce H. Hendricks, made in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 DSC.[1]  Harvey Franklin Rainey, III ("Rainey"), a state prisoner at Kershaw Correctional Institution proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983.  In her Report and Recommendation, Magistrate Judge Hendricks recommends summarily dismissing Rainey's complaint without prejudice and without issuance and service of process.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

1

For the reasons stated below, the court adopts the Report and Recommendation and dismisses Rainey's action.

## I. THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The Magistrate Judge construed Rainey's complaint as raising two claims. The first claim involves both an incident in which a prison employee allegedly made a distasteful remark to Rainey and the alleged mishandling of Rainey's grievances concerning the incident ("remark claim"). The second claim concerns Rainey's dismissal from the Addiction Treatment Units ("ATU") program and his request for a certificate of completion of the ATU program despite his dismissal ("ATU claim").

The Magistrate Judge's recommendation to dismiss Rainey's action was based on three conclusions. First, Rainey failed to state a cognizable § 1983 claim. Second, the court lacks subject matter jurisdiction to hear the remark claim because there is no diversity jurisdiction over the case. Third, and finally, the court may not consider the ATU claim because Rainey failed to show that he exhausted his administrative remedies before raising the claim in the instant action.

## II. RAINEY'S OBJECTIONS

Rainey filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of *specific* objections to the Report and Recommendation of the

Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that some of Rainey's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, and merely restate his claims. However, the court was able to glean three specific objections.

First, Rainey claims that the court has both federal question and diversity jurisdiction in this case. Rainey's assertion is without merit. "[T]he burden is on the party asserting jurisdiction to demonstrate that jurisdiction does, in fact, exist.'" Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999). Moreover, "a federal court is obliged to dismiss a case whenever it appears the court lacks subject matter jurisdiction." Id. Rainey's argument that federal question jurisdiction "is not dependent upon the amount in controversy," while an accurate statement of the law, misses the dispositive portion of the Magistrate Judge's Report. (Obj. at 1.); see 28 U.S.C. § 1331. The Magistrate Judge concluded that Rainey had failed to state a cognizable claim under § 1983, not that the court lacked federal question jurisdiction due to the amount in controversy. (Rept. at 4.)

Additionally, the court does not appear to have diversity jurisdiction to hear a state law claim for intentional infliction of emotional distress. Rainey asked the court to amend the amount of punitive damages that he is seeking to twenty-five million dollars, and he asserts that the "Parties in which the ATU Employees are employed is a corporate citizen of a different state, which is 'Pennsylvania'." (Obj. at 1.) (emphasis in original). However, Rainey does not argue that other defendants who do not allegedly work for ATU, such as Jon Ozmint, are citizens of other states. In fact, Jon Ozmint, the Director of the South Carolina

3

Department of Corrections, appears to be a South Carolina resident. See South Carolina Department of Corrections Information *available at* http://www.doc.sc.gov/Director/AgencyDirector.html. Therefore, the court concludes that Rainey has failed to demonstrate that complete diversity exists. Hence, Rainey's first objection is without merit.

Rainey's second objection is that he has exhausted his administrative remedies. However, in concluding that Rainey failed to exhaust his administrative remedies, the Magistrate Judge was referring only to the ATU claim. (Rept. at 6.) In his objections, Rainey again failed to assert that he raised the ATU claim in the grievance process.[2] As such, he has failed to argue and show that he has exhausted his administrative remedies with respect to that claim, and his second objection fails.

Finally, Rainey argues that the state's mishandling of his "legal correspondence" has resulted in a denial of his right of access to the courts. (Obj. at 3.) As noted by the Magistrate Judge, "[w]hen the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance." Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991); (Rept. at 5.) Hence, the state's alleged mishandling of Rainey's grievances does not affect his access to the courts.

---

[2]Rainey's objection to the Report confirms that he had an opportunity to respond to the Magistrate Judge's sua sponte assertion that Rainey did not appear to have exhausted the administrative remedies before bringing the claim. Because Rainey had an opportunity to respond, the court's dismissal of his action complies with the Fourth Circuit's recent holding in Anderson v. XYZ Correctional Health Services, No. 04-6885, 2005 WL 1154156 (4th Cir. May 17, 2005).

Therefore, after a thorough review of the Magistrate Judge's Report and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation.

Therefore, it is

**ORDERED** that Rainey's complaint is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

                                                                s/ Henry M. Herlong, Jr.
                                                                United States District Judge

Greenville, South Carolina
June 3, 2005

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.